**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**<u>EASTERN DIVISION</u>**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.: No. 07 CR 748** |
| **Plaintiff,** | **SENTENCING POSITION PAPER** |
| vs. | **Judge E. Bucklo** |
| **RENE RODRIGUEZ-VILLASENOR,** | |
| **Defendant** | |

The Defendant, Rene M. Rodriguez-Villasenor, by and through his CJA counsel, Michael B. Mann, hereby objects to certain conclusions contained in the Presentence Investigation Report (PSR) pending in regard to this criminal case, and makes certain sentencing arguments about the appropriate final adjusted base offense level should be in regard to the relevant 3553 factors, as follows:

1. This Defendant does not object to most of the otherwise well prepared report of the Probation officer in regard to this matter, but does believe that certain conclusions in the PSR are in error.

2. This Defendant specifically objects to the total computed criminal history points (see page 10, lines 214-218 of the PSR) as a total Category V, as unfair and unreasonable. The most recent cases (<u>RITA v. UNITED STATES,</u> 127 S. Ct. 2456, 2007 and <u>KIMBROUGH v. UNITED STATES</u>, No. 06-6330, decided December 10, 2007) attempting to determine the extent to which the district courts are bound by the Guidelines, seem to clearly indicate that the sentencing judge has great discretion in determining to what extent he/she shall deviate from the Guidelines in any given sentencing proceeding. The sentencing Court no longer enjoys the benefit of a legal presumption that a Guidelines sentence should apply. The cases seem to indicate that this

is especially true when the circumstances of the convictions (as explained to the Court by the "details" of the convictions as specified in the PSR) make clear that these convictions are, at least somewhat, questionable when considering the issue of "proportionality" of the criminal history and the imposition of an 8 point enhancement to the BOL. Such circumstances also make the Defendant's criminal history "disproportionate" to what it truly is, and imposes unfair, disproportionate punishment upon him for the offense that he is presently being sentenced for. Clear appellate authority makes certain that the trial court can make drastic reductions from the guidelines when the circumstances call for it (see United States v. Ngatia, 477 F.3d 496, 7th Cir., 2007, where a reduction of 235 to 84 months was upheld on appeal). The ranges under §2L1.2 for unlawfully reentering were increased, over the last few years, four times - the most significant of which was the 16 level increase for re-entry after an "aggravated felony". That 16 level increase, the steepest increase in the Guidelines Manuel, was not required by Congress; was not supported by data or research, and was not explained in the Notes (see, Amy Baron-Evans, Enforcing the New Sentencing Law: Advanced Federal Criminal Appellate Practice, March 2006). While the 16 level increase is not in play here, it does exemplify the overly severe, unnecessarily punitive aspects of the immigration offense guidelines in general. The real evidence of the undue severity of the immigration guidelines is that for many years they have rarely been applied. In districts (such as ours) without "fast track" programs, defendants are receiving sentences double or more the average in cases such as this, simply because they are among those unlucky minority of illegals who get arrested in a district without a fast track program (Id. at page 16).

3. The Defendant points out that the Sentencing Commission has made the incredible disparity between "crack" and powder cocaine a basis for a *retroactive* reduction in the Guideline analysis. The Defendant respectfully points out that this "admission" by the

Sentencing Commission is analogous to his present situation in that *his* unique 3553 factors should be considered in giving this Defendant a just punishment – that is, a sentence that is "*no greater than necessary"* in effectuating the goals of 18 U.S.C.§3553(a). This Court should reduce Mr. Villasenor's sentence from the Guidelines range because, even though his prior conviction (page 6, PSR) for "burglary" (of a car) may technically qualify for the 8 point enhancement and as counting toward total criminal history points, the real facts underlying the offense were relatively benign and did not involve any physical harm that might warrant the draconian imposition of such an enhancement. This argument applies both to the total criminal history points, as computed, and to the computation that would make this (line 177) conviction a basis for applying the enhancement (lines 214-217) as proposed in the PSR (71-103 of the PSR). A sentence within the Guideline range in this case would result in a sentence that is disproportionately severe, and not reasonably related to Villasenor's culpability for the instant offense (see United States v. Hernandez-Castillo, 449 F.3d 1127 and United States v. Trujillo-Terrazas, 405 F.3d 817, 10th Cir. 2006).

4. Defendant respectfully points out that, while he did illegally reenter the United States, he did so *in order to* help in the support of his family, and, while that is no defense to the charges to which he has pled guilty, it is a mitigating circumstance that cannot be denied. Further, as a practical matter, the taxpayers of the United States would be supporting this Defendant. and his entire family (through other means), during the additional months the Guidelines "advise" he be sentenced to. And, at the end of whatever period of time this Honorable Court deems equitable, given the totality of factors at play here, he will be given free transportation back to Mexico. This makes no sense to the advocate for the Defendant and, hopefully, makes no sense to the Court as well.

5. Defendant respectfully takes issue with his criminal history as computed in the PSR. Defendant believes that, while he should receive 7 criminal history points (reference: the 3 pts for illegal reentry and the "concurrent" burglary counted as a 'separate' offense in lines 131-175 of the PSR), he should **not** receive points for any of the subsequent burglaries as they could be considered as "double-counting" since they were taken into consideration when considering the 8 level enhancement. Therefore, Defendant submits that he should be considered a Category IV rather than a Category V as the PSR concludes (line 211-218).

6. In short, Defendant respectfully contends that he is entitled to consideration of a sentence of 6-12 months (Adjusted BOL 6, Criminal History Category IV),  and if the Court determines that the range proposed in the PSR (line 365) is accurate, then Defendant alternatively proposes that a just and fair sentence would be, in such circumstances only, the minimum number of months (30) in the range for this case.

7. The Defendant's BOL is 8 (line 75, PSR) and if the "enhancement" is refused (line 103) as argued, and if the Court accepts the Defendant's argument regarding his criminal history, the sentencing range for BOL 8 and Criminal History Category 4 is 6-12 months. Defendant respectfully asks, for his sake and that of his family, that the Court sentence him within this range so that he can return to Mexico as soon as possible and begin, again, to try and find employment that will allow him to provide for his family.

Respectfully Submitted,

S/_____

 Michael Mann, CJA counsel for defendant

**CERTIFICATE OF ECF SERVICE**

The undersigned attorney, Michael B. Mann, hereby certifies that on April 11, 2008, in accordance with F.R.C.P.49, F.R.Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), the following document:

Defendant Objections to PSR and Response to Government Objections to PSR

were served pursuant to the District Court's ECF System as to ECF filers and by the U.S. mail as to all other necessary parties, including:

Jason Christiansen, USPO                    Mr. Villasenor, MCC,

55 East Monroe – S. 1500

Chicago, Ill. 60603

s/ <u>Michael B. Mann,</u> P.O. Box 641, Maywood, Ill., 60153   ---           1-630-258-9769

Dated this 4th day of April, 2008

MICHAEL B. MANN
PO BOX 641
MAYWOOD, ILLINOIS 60153
1-630-258-9769