UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 748 |
| v. | ) | Judge Elaine E. Bucklo |
| | ) | |
| RENE MOCTEZUMA | ) | |
| RODRIGUEZ-VILLASENOR | ) | |

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby responds to defendant's objections to the Presentence Investigation Report ("PSR") as follows:

**Background**

On November 13, 2007, defendant was charged by indictment with one count of illegal re-entry into the United States in violation of Title 8, United States Code, Section 1326(a) and Title 6, United States Code, Section 202(4). On January 18, 2008, defendant entered a plea of guilty to the one count indictment.

Probation prepared a PSR in anticipation of defendant's sentencing. The PSR states that the adjusted offense level applicable to defendant's conduct is 13 and that his criminal history category is V. In reaching the offense level of 13, the probation officer applied an eight level enhancement because defendant reentered the United States after being convicted of an aggravated felony, pursuant to Sentencing Guideline § 2L1.2(b)(1)(C). Under the PSR calculation, the applicable guideline range for defendant's sentence is 30 to 37 months' imprisonment.

Defendant opposes that calculation for three reasons. First, defendant argues that the eight level enhancement for prior conviction of an aggravated felony is overly severe. Second, defendant argues that he re-entered the United States in order to support his family, which should be viewed as a mitigating factor. Third, defendant argues that the PSR overstates his criminal history. For the reasons discussed below, the government disagrees with each of defendant's arguments.

Accordingly, the government respectfully requests that this Court impose a sentence within the range suggested in the PSR.

I.      **The Aggravated Felony Enhancement Should Be Applied.**

Defendant seems to argue that the eight level enhancement for returning to the United States after being convicted of an aggravated felony is presumptively unfair and should not be applied in any case as it is a "disproportionate punishment." (Def. Objections at 2). In so arguing, defendant states that the 16 level enhancement applicable to certain aggravated felonies is unreasonable and notes that our district does not have a "fast track" program, resulting in disparate sentences across districts. Both arguments are without merit.

First, the 16 level enhancement applicable to certain aggravated felonies is irrelevant to this case. Neither the PSR, nor the government, even suggests that the 16 level enhancement should apply. Nevertheless, Defendant argues that his eight level enhancement is overly severe because he feels that the 16 level enhancement applicable to certain cases is overly severe. Defendant does not, however, specifically explain why it is that the eight level enhancement does not meet the factors enumerated in 18 U.S.C. § 3553. To the contrary, the eight level enhancement adequately reflects the seriousness of the offense at issue in this case, promotes respect for the law, and provides just punishment for defendant's conduct. 18 U.S.C. § 3553(a)(1)(A). Defendant's argument should be disregarded.

Second, the Seventh Circuit has expressly rejected defendant's argument regarding the "fast track" program. Specifically, the Seventh Circuit noted that Congress approved the use of "fast track" programs in some districts and stated that "Congress thus recognized that disparities would exist between the sentences of those in fast-track jurisdictions and those outside of those jurisdictions." *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006). The *Martinez* court held that a district court need *not* grant a variance due to the existence of fast track programs in other districts. *Id.* at 542-43. As such, defendant's argument that the eight level enhancement should not be applied due to the disparities created by the fast track program should be disregarded.

Next, defendant argues that the eight level enhancement is overly severe specific to his own particular case because the "real facts" underlying his burglary conviction were "relatively benign." (Def. Objections at 3). Again, defendant's argument should be disregarded. First, defendant fails to cite what the "real facts" underlying the burglary conviction are and how those facts turn his burglary conviction into a "relatively benign" offense. Even assuming defendant offered such an explanation, Congress specifically mandated that a theft offense, including a burglary, constitutes an aggravated felony. *See* 8 U.S.C. § 1101(43)(G) ("a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment at least one year"). Thus, defendant's argument that his burglary offense which resulted in a term of imprisonment of six years does not qualify as an aggravated felony is without merit.

Even if this Court finds that defendant's burglary conviction should not constitute an aggravated felony, defendant is also eligible for the eight level enhancement based on his prior conviction for illegal reentry. (PSR at 4); *see also* 8 U.S.C. 1101 § 1101(43)(O) ("an offense described in section 1325(a) or 1326 of this title committed by an alien who was previously deported on the basis of a conviction for an offense described in another subparagraph of this paragraph"). On July 29, 2002, defendant pled guilty to illegal reentry in the Western District of Texas. (PSR at 9). That conviction followed his aggravated felony conviction for burglary as discussed above. Accordingly, defendant qualifies for the eight level enhancement for either of these convictions and the enhancement should apply in this case.

**II.     Defendant's Argument Regarding "Mitigating Circumstances" Is Without Merit.**

Defendant next argues that "while he did illegally reenter the United States, he did so *in order to* help in the support of his family." (Def. Objections at 3). While 18 U.S.C. § 3553 permits the court to look at the history and characteristics of the defendant, the Sentencing Guidelines specifically discourage citing familial issues as a factor in determining a sentence. Sentencing Guideline § 5H1.6 provides in pertinent part that "[f]amily ties and responsibilities and community

ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range."[1]

Even if such practice was not discouraged, defendant fails to explain why his family needed support and how he in fact supported his family once he re-entered the United States. To the contrary, defendant reported to the probation officer that he has never been married and does not have any children. (PSR at 13.) Defendant also reported that his mother is married to a man of good health and that his father is in good health. (PSR at 12-13). In addition, defendant reported that he did not obtain a job until several months after he re-entered the country. (PSR at 17.) Defendant simply has not demonstrated that the need to support his family or his efforts to offer any support were so extreme as to be considered a mitigating circumstance in this case.

### III.    The PSR Correctly Computed Defendant's Criminal History Category.

Finally, defendant contends that his criminal history category was incorrectly computed. Specifically, he argues that he should not receive points for his third burglary conviction as those points essentially would be "double-counted" because they were taken into consideration when considering the eight level enhancement. (Def. Objections at 4). Defendant is again mistaken.

The eight level enhancement is applied because the defendant returned to the United States after being convicted of an aggravated felony. It is thus applied due to defendant's conduct after his conviction – not due to the conviction itself. Indeed, the Sentencing Guidelines makes this distinction clear: "A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L2.1, App. Note 6. Thus, the conviction must still be

---

[1] Pre-*Booker*, the Seventh Circuit also discouraged departures from guideline sentences for familial reasons. The Seventh Circuit classified "family considerations" as a "discouraged" factor that "warrant[s] a departure only in the extraordinary and unusual case." *United States v. Carter*, 122 F.3d 469, 474 (7th Cir. 1997); *see also United States v. Canoy*, 38 F.3d 893, 38 F.3d 893, 906 (7th Cir. 1994). Consistent with this classification, courts have denied downward departure requests based upon family considerations "even in compelling case." *See Carter*, 122 F.3d at 474 (collecting cases).

included in an overall criminal history assessment. Accordingly, the PSR correctly included criminal history points for defendant's third burglary conviction in its determination and this Court should impose a sentence consistent with that determination.

## Conclusion

In sum, the government disagrees with defendant's objections to the PSR. Defendant's request for a sentence between 6 and 12 months is unreasonable and such a sentence would strongly understate defendant's conduct at issue in this case, as well as his prior convictions. Accordingly, the government respectfully requests that this Court impose a sentence within defendant's advisory guideline range of 30 to 37 months.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

BY:    /s Bethany K. Biesenthal
        BETHANY K. BIESENTHAL
        Assistant United States Attorney
        219 S. Dearborn St.
        Chicago, Illinois 60604
        (312) 886-7629

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE INVESTIGATION REPORT**

was served on April 25, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's ECF system as to ECF filers, if any.

    /s Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois
(312) 886-7629